UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD EUGENE ROBINSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00906-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE DENIED, GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO § 2241<br><br>(Doc. 11)<br><br>TWENTY-ONE DAY DEADLINE.<br><br>Clerk of Court to randomly assign District Judge |

　　　　Petitioner Edward Eugene Robinson ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California, and filed the instant petition on July 21, 2022. *Id*. Petitioner claims the BOP has unlawfully and arbitrarily set up a schedule of restitution payments not established by the sentencing court. *Id*.

　　　　On October 13, 2022, B.M. Trate ("Respondent") filed a motion to dismiss the petition. (Doc. 11). Petitioner did not file an opposition to Respondent's motion to dismiss and his time to do so has expired. *See* Local Rule 230(c). For the reasons set forth below, the Court recommends Respondent's motion to dismiss be denied, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §

1

2241 be granted and the BOP be ordered to cease collecting restitution payments from Petitioner through the IFRP and placing Petitioner on "IFRP Exempt" status unless and until a proper restitution schedule has been entered by the sentencing court.

**Procedural and Factual Background**

On March 10, 2021, Petitioner was convicted in the United States District Court for the Northern District of Texas by jury trial, for conspiracy to interfere with commerce, two counts of interference with commerce by robbery, and two counts of using, carrying, and brandishing a firearm during a crime of violence.  (Docs. 1 at 2); *see USA v. Hardrick, et al*., No. 4:19-cr-00352-P-2 (Doc. 200).  Petitioner was sentenced to three consecutive sentences of 124 months for each robbery-related conviction, and two 84-month consecutive sentences on his use of a firearm during a crime of violence convictions.  (Docs. 1 at 2); *see Hardrick*, No. 4:19-cr-00352-P-2 (Doc. 230).  In total, Petitioner was sentenced to a 540-month term of incarceration.  *Id*.

In addition, Petitioner was ordered to make restitution, jointly and severally with codefendant Aaron Tremmell Hardrick and Ncholeion Kashana Hollie, in the amount of $23, 257.68, to make restitution, jointly and severally with codefendant Aaron Tremmell Hardrick, in the amount of $172,198.59, and to pay a special assessment of $500.  *Hardrick*, No. 4:19-cr-00352-P-2 (Doc. 230). The sentencing court ordered "restitution is due and payable immediately.  But if upon commencement of the term of supervised release any part of the $195,456.27 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at a rate of at least $150 per month…thereafter until restitution is paid in full." (Doc. 11-1 at 80).  The sentencing court recommended to the BOP that Petitioner "be allowed to participate in the inmate financial responsibility program ("IFRP") during his term of incarceration." *Id*.  In addition, the district court noted its proposed payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Office Program, [IFRP], the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law." *Hardrick*, No. 4:19-cr-00352-P-2 (Doc. 230 at 5).

Following sentencing, Petitioner was transferred to the custody of the BOP.  Soon after, the BOP imposed a payment schedule on Petitioner in accordance with the IFPR. (Doc. 1). From October

21, 2021, to March 1, 2022, Petitioner filed four administrative appeals claiming BOP was not authorized to schedule a restitution payment plan. *Id*. at 15-16, 18, 20. It appears within this time, Petitioner did not participate in IFRP and was denoted with IFRP refusal status. *Id*. at 19, 21.

The BOP responded to each administrative appeal and argued it could collect court-ordered financial obligations through the IFRP and that the IFRP procedures were lawful and Constitutional. *Id*. at 21. The BOP argued, "Your Judgment and Commitment Order states, 'The established payment plan for your release shall not affect the ability of the United States to immediately collect payment in full through the IFRP'". *Id*. at 19, 21.[1]

On July 21, 2022, Petitioner filed a petition for writ of habeas corpus to this Court. *Id*. On October 13, 2022, Respondent filed the instant motion to dismiss. (Doc. 11). Petitioner did not file an opposition.

**Jurisdiction**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Hernandez*, 204 F.3d at 865. To obtain relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. *See, e.g.*, *Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1995) (§ 2241 proper vehicle to challenge calculation of custodial time credits).

---

[1] In his motion to dismiss, Respondent does not challenge that Petitioner has exhausted his administrative remedies. Based on its review of the record, the Court is satisfied Petitioner, in fact, properly exhausted remedies prior to filing the instant petition.

Here, Petitioner claims that the BOP has arbitrarily set up a schedule of restitution payments that were not established by the sentencing court. (Doc. 1 at 3). Such a claim concerns the manner of the sentence's execution. Therefore, given that the Petitioner currently is incarcerated in the Eastern District of California, this Court has jurisdiction to consider Petitioner's claim pursuant to 28 U.S.C. § 2241. *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (§ 2241 proper vehicle to challenge BOP's determination of amount and timing of fine payments); *Whitemore v. Ives*, No. S-09-1526 DAD P, 2011 WL 6032395, at *3 (E.D. Cal. Dec. 5, 2011) (collecting cases holding that § 2241 is proper vehicle to challenge prison's authority to collect restitution under the IFRP).

**Discussion**

"[R]ule 4 of the Rules Governing Section 2254 in the United States District Courts 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir.1983)); *see White v. Lewis*, 874 F.2d 599, 602–03 (9th Cir.1989) (meritorious motions to dismiss are permitted by Rule 4).[2] Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Habeas Rule 4 standards to review the motion. *White*, 874 F.2d at 602-03; *Hillery v. Pulley*, 533 F. Supp. 1189, 1194, n.12 (E.D. Cal. 1982) ("a motion to dismiss attacking only the pleadings should be considered under Rule 4 standards").

Petitioner contends in his petition that "the [sentencing] court did not set any monthly payments to be made while incarcerated in its judgment imposed on July 9, 2021." (Doc. 1 at 3). Petitioner, citing *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) ("*Gunning II*") and *United States v. Soroka*, 508 F. Supp.2d 869 (D. Or. 2007), claims "the BOP cannot self-delegate the

---

[2] The Rules Governing Section 2254 Cases ("2254 Rules") may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Separately, the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus to the extent not otherwise inconsistent with the 2254 Rules or federal statute, and so long as the practice in those proceedings has previously conformed to the practice of civil actions. Fed. R. Civ. P 81(a)(4).

authority to set restitution payments." *Id.*[3] Petitioner requests the Court order BOP to refrain from setting restitution payments without an order from his sentencing court. *Id.* at 5.

In response, Respondent argues the sentencing court considered Petitioner's financial circumstances and set a payment schedule as required by the Mandatory Victims Restitution Act of 1996 ("MVRA"). (Doc. 11 at 3-5). Additionally, Respondent argues Petitioner's claim is foreclosed by *United States v. Lemoine* because the sentencing court properly set a restitution schedule as required under the MVRA and the BOP has authority to encourage voluntary payments in excess of those required under the court's judgment. 546 F.3d 1042 (9th Cir. 2008).

The MVRA requires a court to order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A). "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572 [18 U.S.C. § 3572], specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid…" 18 U.S.C. § 3664(f)(2).

The MVRA also requires the sentencing court to set the terms of the restitution payments, which is a duty that may not be delegated. *Gunning II*, 401 F.3d at 1149-50 (citing *United States v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003)) ("*Gunning I*"). "[T]he district court simply does not have the authority to delegate its scheduling duties—not to the probation office, not to the BOP, not to anyone else." *Ward v. Chavez*, 678 F.3d 1042, 1043 (9th Cir. 2012) (citing *Gunning II*, 401 F.3d at 1150). Moreover, the Ninth Circuit has held that "a sentencing court must consider the defendant's financial resources in setting a restitution payment schedule, and, if the defendant is unable to pay restitution immediately, the court cannot simply order 'immediate' repayment and leave the details of the actual payment schedule to the BOP or Probation." *Ward*, 678 F.3d at 1052.

---

[3] *Gunning II* came to the Ninth Circuit after the court previously had remanded the case to the district court in *United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003) ("*Gunning I*"). In *Gunning I*, the Ninth Circuit found, *inter alia*, that the district court had erred by delegating the responsibility for setting a schedule for restitution payments to the probation office. *Id.* at 949-50. After the district court conducted an evidentiary hearing, it affirmed its original sentencing order, and the case was appealed to the Ninth Circuit as *Gunning II*.

1    The IFRP is a voluntary program administered by the BOP that applies to nearly all post-trial
2  federal inmates and aims to encourage inmates to meet their "legitimate financial obligations." 28
3  C.F.R. § 545.10; *see also United States v. Lemoine*, 546 F.3d 1042, 1046-47 (9th Cir. 2008).  Under
4  the IFRP, BOP staff develop a financial plan for each inmate and monitor his or her progress in
5  adhering to that plan. 28 C.F.R. § 545.11; *Lemoine*, 546 F.3d at 1047.  An inmate is free to decline to
6  participate in the IFRP, but the failure either to participate or to comply with a financial plan created
7  pursuant to the program results in certain consequences.  *See* 28 C.F.R. § 545.11(d); *Lemoine*, 546
8  F.3d at 1047.

9    Respondent contends the sentencing court "considered Petitioner's financial resources and, in
10 discursive fashion, set repayment terms consistent with [the] discharge of its responsibilities under the
11 MVRA."  (Doc. 11 at 3).  This Court disagrees.  The sentencing court considered Petitioner's financial
12 circumstances as to his ability to pay a fine, costs of incarceration, and interest.  *Hardrick*, No. 4:19-
13 cr-00352-P-2 (Doc. 230 at 4-5); (Doc. 11-1 at 79).  The district court also set out a scheduling order
14 for how any unpaid restitution would be paid upon release.  *Hardrick*, No. 4:19-cr-00352-P-2 (Doc.
15 230 at 5); (Doc. 11-1 at 80).  But the district court neither considered Petitioner's financial resources
16 for paying restitution while incarcerated nor set forth a restitution schedule.  *See Ward*, 678 F.3d at
17 1048 ("Unless the district court sets a 'proper' schedule, the [restitution] order is not valid, regardless
18 of whether it explicitly mandates participation in the IFR.").  Instead, the district court ordered
19 "[r]estitution is due and payable immediately" and recommended to the BOP that Petitioner be
20 allowed to participate in IFRP. (Doc. 11-1 at 80).

21    The sentencing court's judgment failed to set a restitution schedule during Petitioner's period
22 of imprisonment even though the order requires payment of restitution "immediately" during that
23 period.  (Doc. 11-1 at 80).  Although the judgment recommends and does not require participation in
24 the IFRP, it suggests that restitution during the period of imprisonment will be paid through the
25 program.  Indeed, the BOP recognizes that under the sentencing court's judgment, restitution
26 payments made during Petitioner's incarceration will be through the IFRP.  *See* (Doc. 1 at 19) ("The
27 established payment plan for your release shall not affect the ability of the United States to
28 immediately collect payment in full through the IFRP.").  Moreover, the sentencing court recognized

6

Petitioner would be making restitution payments while incarcerated and set a proposed repayment schedule if "any part of the $195,456.27 restitution remains." *Hardrick*, No. 4:19-cr-00352-P-2 (Doc. 230 at 5).

It is clear the sentencing court impermissibly delegated for the BOP to "work out the details" of how Petitioner would make restitution during his period of imprisonment. *See e.g.*, *Ward*, 678 F.3d at 1050. *Cf. Mentor v. Matevousian*, No. 1:16-cv-00220-DAD-JLT, 2016 WL 3569843, at *5 (E.D. Cal. June 30, 2016) (the sentencing judge went to great efforts to specify a payment schedule while the petitioner was imprisoned that was precisely the type of specific payment schedule that *Ward* envisioned). Thus, the sentencing court's judgment constitutes an impermissible delegation of authority to the BOP.

Respondent's argument Petitioner's claim is foreclosed by *Lemoine* is unavailing. In *Lemoine*, the Ninth Circuit held that "where the district court has properly set a restitution payment schedule as required under the MVRA, the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment…" 566 F.3d at 1050; *see Ward,* 678 F.3d at 1048 (the Ninth Circuit noted that the outcome in *Lemoine* was conditioned on the existence of a proper restitution order from the sentencing court). As addressed above, the sentencing court did not order a proper payment schedule to apply during Petitioner's period of imprisonment. Therefore, BOP cannot encourage Petitioner to make voluntary payments in excess of those required under his court judgment as no lawful court judgment exists.

**Conclusion and Recommendations**

Accordingly, the Court finds that the BOP is without the authority to require restitution payments from Petitioner through the IFRP because the sentencing court failed to set a restitution schedule as required by the MVRA.

Based on the foregoing, the Court DIRECTS the Clerk of Court to assign a District Judge.

The Court FURTHER RECOMMENDS that:

1. Respondent's Motion to Dismiss (Doc. 11) be DENIED;

2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Doc. 1) be GRANTED; and

7

3. The Bureau of Prisons be ordered to stop collecting restitution payments from Petitioner through the IFRP and place Petitioner on "IFRP Exempt" status unless and until a proper restitution schedule has been set by the sentencing court.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days of being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 10, 2023__      _____
UNITED STATES MAGISTRATE JUDGE