UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD EUGENE ROBINSON,<br><br>  Petitioner,<br><br>  v.<br><br>B.M. TRATE,<br><br>  Respondent. | Case No. 1:22-cv-00906-ADA-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE DENIED AND PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO § 2241 BE GRANTED<br><br>(ECF Nos. 11, 14) |

Petitioner Edward Eugene Robinson ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On October 13, 2022, Respondent filed a motion to dismiss Petitioner's petition. (ECF No. 11.) Petitioner did not respond to Respondent's motion to dismiss.

On February 10, 2023, the assigned Magistrate Judge found that the sentencing court did not consider Petitioner's financial resources for paying restitution while incarcerated nor set forth a restitution schedule while incarcerated. (ECF No. 14 at 6.) Instead, the sentencing court delegated the responsibility of working out the details of Petitioner's restitution payments during his imprisonment to the Bureau of Prisons ("BOP"). (*Id*. at 7.) The assigned Magistrate Judge held that the sentencing court's judgment constituted an impermissible delegation of authority to the BOP and recommended to stop the BOP from collecting restitution payments until a proper

1    restitution schedule has been set by the sentencing court. (*Id*. at 5-8 (citing *United States v.*
2    *Gunning*, 339 F.3d 948, 949 (9th Cir. 2003) (holding that the Mandatory Victims Restitution Act
3    of 1996 requires the sentencing court to set the terms of restitution payments, which is a duty that
4    may not be delegated)).)

5          On March 3, 2023, Respondent filed objections to the assigned Magistrate Judge's findings
6    and recommendations. (ECF No. 15.) Respondent argues that the sentencing court need not
7    provide a "detailed restitution schedule for payment during the incarceration." (*Id*. at 1-2.) Instead,
8    Respondent argues that consistent with this Court's "precedent," the sentencing court properly
9    deferred Inmate Financial Responsibility Program ("IFRP") payment scheduling to available BOP
10   contract terms and that restitution may be collected through voluntary participation. (*Id*. (citing
11   *Whitmore v. Ives*, No. 2:09-cv-01526-DAD HC, 2011 WL 6032395 (E.D. Cal. Dec. 5, 2011));
12   *Nichols v. Copenhaver*, No. 1:13-cv-01184-SKO HC, 2015 WL 3991183 (E.D. Cal. Jun. 30,
13   2015)).)

14         According to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court conducted a *de novo*
15   review of this case. Having carefully reviewed the entire matter, this Court concludes the findings
16   and recommendations are supported by the record and by proper analysis. The sentencing court's
17   order that "restitution is due and payable immediately" and recommending payment be done
18   through the BOP's IFRP was an improper delegation to the BOP of the sentencing court's
19   responsibility to set the schedule for payment of restitution.

20         Respondent mistakenly argues that it is this Court's procedure that a sentencing court may
21   defer IFRP restitution payment scheduling to available BOP contract terms. The cases that
22   Respondent relies upon, *Whitmore* and *Nichols*, both involve the payment of a *fine* through IFRP,
23   not restitution. In *Whitmore,* the court acknowledged that the Ninth Circuit has made a distinction
24   between the collection of fines and the collection of restitution. *Whitmore*, No. 2:09-cv-01526-
25   DAD HC, at *6 (citing *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998)). The court
26   in *Nichols*—another case involving an inmate's payment of a fine, not restitution—likewise noted
27   it was not bound by the Mandatory Victims Restitution Act of 1996's ("MVRA") requirement that
28   the sentencing court fix the terms of restitution and not delegate its responsibility. *Nichols*, No.

1:13-cv-01184-SKO HC, at *3. Thus, in both *Whitmore* and *Nichols*, the court found it was appropriate for the BOP to set an IFRP schedule for fines.

In contrast to *Whitmore* and *Nichols*, here, the sentencing court ordered Petitioner to pay restitution immediately. The sentencing court did not set a payment schedule for Petitioner. Rather, it recommended to BOP that he participate in IFRP. However, the court may not delegate such responsibility to the BOP for restitution payments. *See Gunning*, 339 F.3d at 949 (holding that the district court shall not delegate its responsibility of fixing the terms for making restitution). Therefore, bound by the Ninth Circuit's decision in *Gunning*, this Court shall reaffirm that the scheduling of restitution payments is non-delegable, and the sentencing court must determine the restitution payment schedule.

Accordingly,

1. The Court ADOPTS the findings and recommendations entered on February 10, 2023, (ECF No. 14), in full;
2. The Court DENIES Respondent's motion to dismiss, (ECF No. 11);
3. The Court GRANTS the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1); and
4. The Bureau of Prisons shall cease collecting restitution payments from Petitioner through the IFRP and place Petitioner on "IFRP Exempt" status unless and until a proper restitution schedule has been set by the sentencing court.

IT IS SO ORDERED.

Dated:   May 30, 2023

UNITED STATES DISTRICT JUDGE